1  Larry W. McFarland (Bar No. 129668)
   E-Mail:  lmcfarland@kmwlaw.com
2  Dennis Wilson (Bar No. 155407)
   E-Mail:  dwilson@kmwlaw.com
3  David K. Caplan (Bar No. 181174)
   E-Mail:  dcaplan@kmwlaw.com
4  Christopher T. Varas (Bar No. 257080)
   E-Mail:  cvaras@kmwlaw.com
5  KEATS McFARLAND & WILSON LLP
   9720 Wilshire Boulevard
6  Penthouse Suite
   Beverly Hills, California  90212
7  Telephone:  (310) 248-3830
   Facsimile:  (310) 860-0363
8
   Attorneys for Plaintiff
9  ZYNGA GAME NETWORK INC.

10

11                UNITED STATES DISTRICT COURT

12              NORTHERN DISTRICT OF CALIFORNIA

13                 SAN FRANCISCO DIVISION

14

15  ZYNGA GAME NETWORK INC.,             CASE NO. CV-09:3211 MMC (EDL)
    a Delaware corporation,
16
17                     Plaintiff,        [PROPOSED] DEFAULT JUDGMENT
18              v.
19  SIM HONG LIN, A/K/A CHRIS SIM II, A/K/A
    HONG CHENG SIM, A/K/A HC SIM, A/K/A
20  HONG LIN SIM, A/K/A JEFF SIM, an
    individual, and GOSUMALL PTE LTD.,
21  A/K/A GOSUMALL.COM, A/K/A
    GOSUMALL DIGITAL ENTERTAINMENT,
22  a Singaporean entity,
23                     Defendants.
24
25
26
27
28

Plaintiff Zynga Game Network Inc. ("Zynga"), having filed a Complaint in this action charging defendants Sim Hong Lin, a/k/a Chris Sim II, a/k/a Hong Cheng Sim, a/k/a HC Sim, a/k/a Hong Lin Sim, a/k/a Jeff Sim ("Defendant Sim"), and Defendant Gosumall.com, a/k/a Gosumall Digital Entertainment (Defendant Gosumall) (collectively "Defendants") with:  (1) False Designation of Origin pursuant to 15 U.S.C. § 1125(a); (2) Violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030; (3) Unfair Competition pursuant to California Business & Professions Code § 17200; (4) Violation of California Penal Code § 502; (5) California common law trademark infringement; (6) California common law passing off and unfair competition; (7) breach of contract; (8) intentional interference with contractual relations; and (9) trespass to chattels, and the Court having found good cause, it is hereby

**ORDERED, ADJUDGED AND DECREED** as between Zynga and Defendants (the "Parties"):

1.      This Court has jurisdiction over the Parties to this action and over the subject matter hereof pursuant to 15 U.S.C. §§ 1116, 1121 and 1125, and 28 U.S.C. §§ 1331, 1338(a) and (b), and 1367(a).  Service was properly made against Defendants.

2.      Zynga owns the trademark and service mark ZYNGA (the "ZYNGA Mark") and has used the ZYNGA Mark in commerce since June 2007.

3.      The ZYNGA Mark is inherently distinctive and by virtue of Zynga's extensive advertising and sales under the ZYNGA Mark, has become well-known within social gaming circles as a source identifier for Zynga's online games.

4.      Zynga is the owner of United States Federal Trademark Registration No. 3,685,749 for the mark ZYNGA in International Classes 9 and 41 for downloadable computer game software for use on wireless devices and computers.

5.      Zynga is the publisher of Zynga Poker (the "Game"), a computerized version of the world-famous poker game in which players compete with one another using virtual "chips."

6.      Among other things, the Terms of Service that govern users' play of the Game prohibit players from selling "chips" for real-world money or otherwise exchanging "chips" for

anything of value outside the Game.  Zynga has not authorized any third party to sell or distribute the "chips" used in the Game.

7.     Defendants assented to and are bound by the Terms of Service governing use of the Game, which are located at http://www.zynga.com/legal/terms_of_service.php.

8.     Defendants own and operate an Internet website through which they have unlawfully sold and offered for sale "chips" for use in the Game, and have wrongfully used the ZYNGA Mark to advertise and sell these unauthorized "chips".  Defendants operate this website from the Internet domain name GOSUMALL.COM.

9.     Defendants have used the Game itself as part of their scheme, transferring the "chips" they "sell" during game play in contravention of the Game's terms of service and/or security measures, and in violation of the license they received from Zynga to participate in the Game.

10.     Defendants have willfully and maliciously violated Zynga's intellectual property, contractual, and other rights, and Defendants are jointly and severally liable for each and every one of the claims alleged in Zynga's First Amended Complaint.

11.     Defendants and their affiliates, agents, servants, employees, representatives, successors, assigns, and any person, corporation or other entity acting under Defendants' individual or collective direction or control, or in active concert or participation with Defendants or either of them, are immediately and permanently enjoined ~~throughout the world~~ from:

a.     Directly or indirectly using the ZYNGA trademark and any other mark, symbol, or logo that is a reproduction, counterfeit, copy, or colorable imitation of or that is confusingly similar to, or that is identical with, or substantially indistinguishable from, the ZYNGA mark on or in connection with any goods or services, including without limitation as an Internet advertising keyword or as a website metatag;

b.     ~~Infringing any of Zynga's intellectual property rights in any manner, including but not limited to the ZYNGA Mark, any copyrights owned by Zynga, or any other rights owned by Zynga related to the Game;~~

c.     Engaging in any conduct that tends falsely to represent that, or is likely to confuse, mislead or deceive purchasers, Defendants' customers and/or members of the public to

1  believe that, the actions of Defendants are connected with Zynga, are sponsored, approved, or

2  licensed by Zynga, or are in any way connected or affiliated with Zynga;

3          d.      Affixing, applying, annexing, or using in connection with the manufacture,

4  distribution, advertising, sale, and/or offering for sale or other use of any goods or services, a false

5  description or representation, including words or other symbols, tending to falsely describe or

6  represent such goods as being those of, or authorized by, Zynga;

7          e.      Registering any Internet domain name that includes the ZYNGA Mark, or any

8  variations or misspellings thereof, whether alone or in combination with any other term(s) or

9  character(s);

10         f.      Accessing, directly or indirectly, any computer server or computer system

11 owned or leased by Zynga for any reason whatsoever, including without limitation any server or

12 computer that provides access to the Game, or to any other game or application published by Zynga;

13         g.      Advertising, purchasing, selling, trading, exchanging, profiting from,

14 accepting or processing payments for, or facilitating or participating in any way in the advertisement,

15 purchase, sale, trade, or exchange of "chips" for use in the Game or any virtual item or currency

16 used in any Zynga game or application;

17         h.      Participating in any way in the display of online "sponsored links" or any

18 other form of pay-per-click or pay-per-impression advertising related to "chips" for use in the Game

19 or any other virtual item or virtual currency used in any Zynga game or application, including but

20 not limited to causing hyperlinks and other advertising materials to be displayed in response to

21 searches for "zynga", or searches for any of Zynga's games or applications; and

22         i.      ~~Otherwise competing unfairly with Zynga in any manner; and~~

23         j.      Effecting assignments or transfers, forming new entities or associations or

24 utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set

25 forth in subparagraphs (a)-(i) above.

26     12.     Defendants and each of them are hereby ORDERED to account ~~for and to disgorge to~~

27 Zynga all profits from their sale of "chips" for use in the Game.

28

CASE NO. CV-09:3211 MMC (EDL)
[PROPOSED] DEFAULT JUDGMENT

13.    The Court finds that this is an exceptional case warranting an award of attorneys' fees and costs, and will consider a motion for an award of attorneys' fees and a bill of costs submitted by Plaintiff pursuant to Federal Rule of Civil Procedure 54(d) and Civil Local Rule 54.

14.    This Court retains jurisdiction of the Parties and of this matter for the purposes of making any further orders necessary or proper for the enforcement of this Judgment and the punishment of any violations thereof.

15.    This Judgment shall be deemed to have been served upon Defendants at the time of its execution by the Court.

16.    The Court expressly determines that there is no just reason for delay in entering this Judgment, and pursuant to Rule 54(a) of the Federal Rules of Civil Procedure, the Court directs entry of judgment against Defendants.

Dated _____ March 30 _____, 2010

_____
Honorable Senior Judge Maxine M. Chesney
United States District Court Judge

Presented by:

LARRY W. McFARLAND
DENNIS L. WILSON
DAVID K. CAPLAN
CHRISTOPHER T. VARAS
KEATS McFARLAND & WILSON LLP
9720 Wilshire Blvd.
Penthouse Suite
Beverly Hills, CA 90212
(310) 248-3830

_____
Christopher T. Varas
Attorneys for Plaintiff
Zynga Game Network Inc.